IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-cr-21-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER ON PRELIMINARY |
| | ) | EXAMINATION AND DETENTION |
| JOHN MICKEY HARRIS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for a preliminary examination of Defendant on the government's motion for revocation of Defendant's supervised release and, if necessary, for a hearing on the government's motion to detain Defendant pursuant to 18 U.S.C. § 3142(f). The government presented the testimony of United States Probation Officer Pamela Thornton. Defendant was represented by counsel and did not present testimony.

I.

The court finds the credible information presented, including that reflected in the findings below, establishes probable cause to support the government's motion for revocation of Defendant's supervised release. In addition, having considered the record pursuant to 18 U.S.C. § 3142(g) and based on the findings and reasons stated below and in open court, the court finds Defendant has failed to establish by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community as required. *See* Fed. R. Crim. P. 32.1(a)(6). The government's motion for detention is therefore allowed.

II.

Following a period of incarceration upon Defendant's conviction for possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and § 924, Defendant commenced

a thirty-six month term of supervision on or about December 20, 2013. [DE-37]. The government alleges Defendant has violated the terms of his supervision by his use of controlled substances, failing to participate as directed in a urinalysis program and failing to pay a monetary obligation.

During the hearing, Officer Thornton, whom the court finds to be credible, testified to the following based on her personal knowledge: (1) Officer Thornton supervised Defendant during the supervision period, (2) on or about September 16, 2014, Defendant tested positive for the use of phencyclidine (PCP); (3) on or about October 3, 2014, Defendant tested positive for the use of PCP, cocaine and marijuana, and admitted the use of PCP and marijuana, but denied the use of cocaine; (4) on or about October 6, 2014, Defendant tested positive for the use of PCP, which he denied; (5) Defendant failed to report as directed in a urinalysis program, attending approximately 50% of his appointments; (6) as of October 28, 2014, Defendant is $250 in arrears of his court-ordered financial obligation; (7) Defendant is no longer employed and it is unverified whether he is a full-time student, and (8) Defendant is no longer residing with his mother.

Accordingly, based on this evidence, and for other reasons stated in open court, this court finds there is probable cause to support the government's motion to revoke Defendant's supervised release.

The law requires that Defendant be detained pending further proceedings based on the following principal findings and reasons: (1) the nature of the alleged supervision violations and the strength of the government's probable cause showing, (2) the nature of Defendant's underlying conviction, (3) Defendant's criminal history including prior convictions and a history of committing offenses while on probation and absconding from probation, (4) a lack of a third-

2

party custodian or other viable release plan and (5) other findings and reasons stated in open court.

III.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, the 9th day of December 2014.

_____
Robert B. Jones, Jr.
United States Magistrate Judge